UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZACHARY ROSENTHAL,

                    Petitioner,

    v.

WARDEN, WASHINGTON STATE
CORRECTIONS CENTER (SHELTON),

                    Respondent.

CASE NO. 3:26-cv-05000-BHS-BAT

**ORDER ON PETITIONER'S
ELECTION TO PROCEED ONLY
ON UNEXHAUSTED CLAIMS AND
DENYING APPOINTMENT OF
COUNSEL**

Before the Court are Petitioner's mixed petition for writ of habeas corpus, Dkt. 1; Motion for habeas relief based upon structural error, Dkt. 8; Petitioner's notice to proceed by habeas corpus, Dkt. 9; Respondent's first responses, Dkts. 10 and 11; and Petitioner's motion for appointment of counsel and election to proceed solely on exhausted grounds for relief. Dkt. 13.

The Court has considered the pleadings, and the record and rules as follows:

1. The habeas petition raises 10 claims revolving around whether Petitioner was denied counsel during state criminal proceedings in violation of the Sixth Amendment. Respondent contends the only claims Petitioner exhausted are (1) "Failure to Timely Appoint Counsel Structural Sixth Amendment Violation, Dkt. 1 at 8; (2) Complete Denial of Counsel Structural Sixth Amendment Violation, *Id.* at 6; and (3) Failure to Timely Appoint Counsel. *Id.*

ORDER ON PETITIONER'S ELECTION TO
PROCEED ONLY ON UNEXHAUSTED
CLAIMS AND DENYING APPOINTMENT
OF COUNSEL - 1

at 9.

2.     Because the other seven claims are unexhausted, Respondent contends the habeas petition is a mixed petition which the Court should either stay to permit Petitioner to exhaust his claims, dismiss the unexhausted claims, or dismiss the entire petition.

3.     On February 25, 2026, Petitioner filed a "NOTICE OF ELECTION TO PROCEED ON EXHAUSTED GROUNDS" which states "Petitioner elects to proceed solely on the properly exhausted Sixth Amendment denial-of-counsel claim and voluntarily withdraws any unexhausted claims. Dkt.  13 at 1.

4.     Accordingly, the Court finds the only grounds for relief before the Court are failure to timely appoint counsel Structural Sixth Amendment violation; complete denial of counsel structural Sixth Amendment violation; and failure to timely appoint counsel.

5.     The Court therefore **ORDERS** Respondent to file a responsive brief addressing the merits of these three exhausted grounds for relief. Respondent's brief shall be filed no later than **March 27, 2026**.  Any response Petitioner wishes to file shall be filed no later than **April 10, 2026.**  The Clerk shall note the matter for **April 17, 2026** as ready for the Court's consideration.

6.     The Court **DENIES** Petitioner's motion for appointment of counsel. Dkt. 13. There is no right to appointed counsel in a habeas action. The case does not involve exceptional circumstances as Petitioner has a demonstrated ability to present his claims and his claim is not factually or legally complicated.

7.     Petitioner also filed a motion for relief based on structural Sixth Amendment violation. This pleading contains arguments in support of the habeas petition and thus is not a motion requiring action by the Court. The clerk shall thus **STRIKE** the motion. Dkt. 8.

Respondent shall take notice that Petitioner is relying on the arguments and authorities set forth in Dkt. 8 in support of his structural Sixth Amendment claims.

8.   Petitioner also filed a notice waiving pursuing any relief in the state courts via a personal restraint petition. Dkt. 9 The Court **ACCEPTS** his waiver and finds it supports grounds for the petition to go forward solely on the three exhausted grounds for relief noted above.

DATED this 27th day of February, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER ON PETITIONER'S ELECTION TO
PROCEED ONLY ON UNEXHAUSTED
CLAIMS AND DENYING APPOINTMENT
OF COUNSEL - 3