UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY ROSENTHAL,

                Petitioner,

   v.

DEAN MASON,

                Respondent.

CASE NO. C26-5000

ORDER

THIS MATTER comes before the Court on Magistrate Judge Brian Tsuchida's Report and Recommendation (R&R), recommending the Court deny pro se petitioner Zachary Rosenthal's § 2254 habeas petition, dismiss the case with prejudice, and decline to issue a certificate of appealability. Dkt. 19. Also pending is Rosenthal's motion for leave to file a supplemental brief, Dkt. 15.

Rosenthal was convicted of vehicular assault and felony hit and run in Lewis County. His sole exhausted habeas claim is ineffective assistance under the Sixth Amendment. That claim is based on his contention that he was without counsel for 23 days before trial and that he was prejudiced because he had to file pro se a CrR 8.3 motion to dismiss. He obtained new counsel and a new trial date, and the trial court

ORDER - 1

denied his motion. Rosenthal went to trial after his newly-appointed (third) attorney was prepared, and he was convicted. *See* Dkt. 19 at 6–11.

Rosenthal appealed and the Washington Court of appeals affirmed. Dkt. 16 at 2 (citing *State v. Rosenthal*, No. 58857-9-II, 2025 WL 1043370 (Wash. Ct. App. April 8, 2025)).

The R&R concludes that the state court's resolution of Rosenthal's ineffective assistance claim was not contrary to or inconsistent with the law established by the Supreme Court, and that the state court's resolution was not based on an unreasonable determination of facts. Dkt. 19 at 6, 10 (citing 28 U.S.C. 2254(d)(1) and (2)). It agrees with the state court that Rosenthal was actually without an attorney for only eight days, and that the motion he filed (based on government misconduct) was properly denied before trial while Rosenthal was represented. Dkt. 19 at 8. It concludes that Rosenthal is required to, but cannot, show that he was prejudiced by the slight gap in representation. *Id*. at 10–14.

The R&R concludes that an evidentiary hearing is not warranted, and that a certificate of appealability should not be issued. It recommends denying Rosenthal's habeas petition and dismissing the case.

Rosenthal has not objected to the R&R., but he did file a motion, Dkt. 15, to file a supplemental brief, Dkt. 18, which the court has considered. Rosenthal's motion is to that extent **GRANTED**.

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28

ORDER - 2

U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court must "review the Magistrate Judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citing § 636(b)(1)(C)). A proper objection requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Rosenthal's supplemental filings repeat his claim that he was without counsel for 23 days, not eight, and assert that he was forced to defend himself by filing his motion and attending court without counsel during this "critical period" of the case, implicating

ORDER - 3

the Sixth Amendment. Dkt. 18. The trial court, the court of appeals, and the R&R have each addressed these arguments and the factual and legal flaws in them. The determinations were not clearly erroneous or contrary to law.

The R&R is **ADOPTED**. Rosenthal's habeas petition is **DENIED** and this matter is **DISMISSED** with prejudice. For the reasons articulated in the R&R, the court **DECLINES** to issue a § 2253(c) certificate of appealability.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 5th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4